Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
GLORIA PAVLOVICH

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PAVLOVICH, <br><br> Plaintiff, <br><br> v. <br><br> TSC ACCOUNTS RECEIVABLE SOLUTIONS, <br><br> Defendant. | Case No. '17CV1516 JM   WVG <br><br> **COMPLAINT FOR DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff GLORIA PAVLOVICH alleges as follows:

## INTRODUCTION

1. Plaintiff GLORIA PAVLOVICH (hereinafter referred to as "Plaintiff"), brings this lawsuit against TSC ACCOUNTS RECEIVABLE SOLUTIONS (hereinafter "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

4. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a business entity, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

6. Plaintiff is informed and believes, and thereupon alleges that Defendant is a debt collector as defined under Civil Code section 1788.2(c).

7. Defendant attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

8. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

10. This action arises out of violations of the FDCPA and the Rosenthal FDCPA. Personal jurisdiction is established, because Defendant does business within the State of California, County of San Diego.

11. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

12. On or about March 18, 2016, Plaintiff's counsel sent out a letter to Defendant disputing the alleged debt and asking for a verification of the alleged debt.

13. Defendant acknowledged receiving Plaintiff counsel's letter on March 21, 2016.

14. On or about December 2, 2016, Plaintiff obtain her credit report from Experian. The Experian credit report indicated that Defendant reported the alleged debt to Experian on November 2, 2016, but failed to report that the debt was disputed.

## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against Defendant)

15. Plaintiff re-alleges paragraphs 1 through 14, above, as if fully set forth herein.

16. Pursuant to 15 U.S.C. section 1692e(8), a debt collector cannot communicate or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. In other words, a debt collector who reports a debt to the credit bureaus without reporting that the debt is disputed violates 15 U.S.C. section 1692e(8). *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 66 (1st Cir. 1998); *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *Sayles v. Advanced Recovery Systems, Inc.,* 2017 WL 2872343 (5th Cir. 2017).

17. Defendant violated 15 U.S.C. section 1692e(8) because it failed to communicate to the credit bureaus (*e.g.* Experian) that Plaintiff's debt was disputed, even though Plaintiff's counsel had informed Defendant in writing that Plaintiff was disputing the debt.

18. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and

humiliation, the exact amount of which is to be proven at trial.

19. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

20. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against Defendant)

21. Plaintiff re-alleges paragraphs 1 through 20, above, as if fully set forth herein.

22. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

23. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e(8).

24. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

25. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

26. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by

California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For interest according to law;
4. For attorneys' fees;
5. For costs of suit herein incurred; and
6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: July 26, 2017         **MASHIRI LAW FIRM**
                             A Professional Corporation

                             By: /s/ Alex Asil Mashiri
                             Alex Asil Mashiri
                             Attorney for Plaintiff,
                             GLORIA PAVLOVICH